UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

GARRY MICHEL,

                Plaintiff,

       -against-

ORANGE COUNTY, N.Y.; ORANGE COUNTY
JAIL; SHERIFF CARL DUBOIS; SGT. COLBY;
WELLPATH MEDICAL SERVICES; SGT.
SIMARILLI; OFFICER C. WETZEL; CHIEF
DEPUTY DENNIS BARRY; ANTHONY MELE,
CORRECTIONS ADMINISTRATOR;
KENNETH T. JONES, UNDERSHERIFF;
ANTHONY J. WEED, ASSISTANT
UNDERSHERIFF; JOHN DOE; JANE DOE,

                Defendants.

21-CV-9406 (CS)

ORDER TO AMEND

---

CATHY SEIBEL, United States District Judge:

       Plaintiff, who is currently incarcerated in the Auburn Correctional Facility, brings this *pro se*

action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated

November 15, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is,

*in forma pauperis* (IFP).[1] For the reasons set forth below, the Court grants Plaintiff leave to file an

amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

       The Prison Litigation Reform Act requires that federal courts screen complaints brought by

prisoners who seek relief against a governmental entity or an officer or employee of a governmental

entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of

the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted
permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The complaint sets forth the following facts. Plaintiff was detained in the Orange County Jail ("OCJ") for 32 months, and during that time other detainees regularly and openly smoked a synthetic drug called K2. Plaintiff was "constantly" exposed to the secondhand smoke seeping through cell vents, and corrections officials failed to stop the other detainees from smoking K2 or protect him from the

secondhand smoke. (ECF 2 ¶ IVD.)[2] Plaintiff experienced burning in his lungs, head and body aches, tremors, anxiety, leg swelling, an elevated heart rate, symptoms for which "[OCJ's] medical [staff]. . . [did] not help." (*Id.* ¶¶ IVD, V.) Plaintiff submitted "many sick call slips" but is still suffering from those symptoms. (*Id.* ¶ VIIE.) Corrections officials denied Plaintiff's grievances and "turned a blind eye" to the problem. (*Id.* ¶ VIID.) Named as defendants are: (1) Orange County; (2) the Orange County Jail; (3) Sgt. Colby; (4) Wellpath Medical Services ("Wellpath," identified by Plaintiff as the "medical provider of services" to OCJ detainees); (5) Sgt. Simarilli; (6) OCJ Grievance Coordinator C. Wetzel; (7) Orange County Sheriff Carl Dubois; (8) OCJ Chief Deputy Dennis Barry; (9) OCJ Corrections Administrator Anthony Mele; (10) Undersheriff Kenneth T. Jones; (11) Assistant Undersheriff Anthony J. Weed; and (12) unidentified "John and Jane Doe" defendants. (*Id.* at 2-3.)

Attachments to the complaint show that Wellpath providers saw Plaintiff three times in connection with his symptoms allegedly arising from K1 smoke exposure. (*Id.* at 22, 25-26.) A grievance denial signed by Defendant Wetzel disputed Plaintiff's claims. According to Wetzel, Plaintiff had not been at the facility for 32 months; on the four occasions detainees were found with K2 they were disciplined; the use of K2 had drastically decreased because the facility began photocopying all detainee mail, which prevented K2 from entering the facility through the mail; and Plaintiff had had three medical visits for his symptoms. The denial was written on Orange County Sheriff's Department letterhead bearing the names of Defendants Barry, Dubois, Mele, Jones, and Weed, (*Id.* at 22.) In another grievance directed to Sgt. Colby, Plaintiff alleged that Sgt. Simarilli would not provide him with a grievance form. (*Id.* at 16.) Plaintiff seeks $50,000 in damages. (*Id.* ¶ VI.)

---

[2] Citations are to the court's Electronic Case Filing (ECF) system pagination.

## DISCUSSION

**A.**     **Claims under Section 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)

The Court construes Plaintiff's allegations as asserting that correction officials were deliberately indifferent to conditions of Plaintiff's OCJ confinement that posed a serious threat to his health or safety. Because Plaintiff was likely a pretrial detainee during the events that are the basis for his claims, the Court understands that his claims arise under the Due Process Clause of the Fourteenth Amendment. If he were a convicted prisoner, his claims would arise under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979), *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Irrespective of whether Plaintiff was a pretrial detainee or a convicted prisoner at the time of the alleged events, he must satisfy two elements to state such a claim: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a showing that the officer acted with at least deliberate indifference to the challenged conditions. *Darnell*, 849 F.3d at 29.

The requirements for the objective element of this type of claim is the same for pretrial detainees and convicted prisoners – "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)); *see also Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). "[P]rison officials violate the Constitution when they deprive an inmate of his basic human needs such as food, clothing, medical care, and safe and sanitary living conditions." *Walker*, 717 F.3d at 125 (internal quotation marks omitted).

The requirements for the second element – the "subjective" or "mental" element – vary depending on whether a plaintiff is a pretrial detainee or convicted prisoner. A convicted prisoner must allege that a correction official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also [have] draw[n] the inference." *Darnell*, 849 F.3d at 32 (quoting *Farmer*, 511 U.S. at 837). A pretrial detainee must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id*. at 35. The mere negligence of a correction official is not a basis for a claim of a federal constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Because it appears that Plaintiff was a pretrial detainee on the date of incident, the more generous standard under the Due Process Clause of the Fourteenth Amendment applies.

Prisoners have the right to "reasonable safety" while incarcerated, which includes the right to be protected from toxic substances. *See, e.g. Helling v. McKinney*, 509 U.S. 25, 33 (1993) (holding knowing failure to protect inmates from environmental tobacco smoke constitutes deliberate indifference to a serious medical need). For exposure to airborne hazards to create a substantial risk of serious harm, the intensity and duration of the exposure must both be significant." *Pack v. Artuz*, 348 F. Supp. 2d 63, 79-80 (S.D.N.Y. 2004) (citing *Falise v. Am. Tobacco Co.*, 94 F. Supp. 2d 316, 324 (E.D.N.Y. 2000).

To establish a Section 1983 claim for inadequate medical care under the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment, a plaintiff must show that correction officials were deliberately indifferent to the plaintiff's serious medical condition. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Caiozzo v. Koreman*, 581 F.3d 63, 69-72 (2d Cir. 2009). A "mere disagreement over the proper treatment" is not actionable under § 1983. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

5

Plaintiff fails to allege facts plausibly showing that Defendants acted with deliberate indifference to his health or safety, or to his serious medical needs. Attachments to the complaint suggest that Defendants acted to curtail the problem of K2 use within the facility, and that Plaintiff received medical attention for his symptoms. Plaintiff does not explain why the treatment he received was inadequate, or how his claims suggest anything more than mere disagreement with the course of treatment he received.

The Court grants Plaintiff leave to file an amended complaint to allege facts suggesting that his exposure to K2 smoke constituted a substantial risk of serious harm, and that Defendants were deliberately indifferent to the risk of serious harm to his safety or health with respect to their response to his allegations and to the medical care he received.

**B.      Claims against the named defendants**

1.      **Individual defendants**

A plaintiff proceeding under Section 1983 must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing that the individual Defendants were personally involved in violating his constitutional rights. The only specific allegations are that Defendants Wetzel, Colby, and Simarilli either denied Plaintiff's grievances or failed to provide Plaintiff with grievance forms. But courts in the Second Circuit have held that "a prisoner has no constitutional right to a prison

6

grievance procedure or to have his grievances investigated." *Hayes v. Cnty. of Sullivan*, 853 F. Supp. 2d 400, 434 (S.D.N.Y. 2012) (collecting cases); *see also, e.g.*, *Ross. v. Westchester Cnty. Jail*, No. 10-CV-3937 (DLC), 2012 WL 86467, at *8 n.9 (S.D.N.Y. Jan. 11, 2012) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). It appears that Plaintiff named Defendants Barry, Dubois, Mele, Jones, and Weed solely because their names appear on the letterhead of the Orange County Sheriff's Department. The fact that these individuals hold positions of authority is insufficient to show their personal involvement in what took place. *See Iqbal*, 556 U.S. at 676; *Tangreti*, 983 F.3d at 620.

### 2. The OCJ

Plaintiff's claims against the OCJ must be dismissed. Section 1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. The Orange County Jail is not a "person" within the meaning of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of Section 1983 claims); *Zuckerman v. Appellate Div., Second Dep't Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of Section 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of Section 1983). Therefore, Plaintiff's claims against the OCJ are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3. Orange County

When a plaintiff sues a municipality, such as the County of Orange, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Although Plaintiff names Orange County as a defendant, there are no facts in the complaint suggesting that a municipal policy, custom, or practice caused his constitutional rights to be violated. Plaintiff may present any available facts in support of his claims against Orange County.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims against the individual defendants and Orange County.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. First, Plaintiff must name as the defendants in the caption[3] and in the statement of claim those individuals who

---

[3] The caption is located on the front page of the complaint. Each defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[4] The naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending his complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each individual defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how when, and where such violations occurred; and why Plaintiff is entitled to relief.

---

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses Plaintiff's claims against the Orange County Jail. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 7:21-CV-9406 (CS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted. *See id.*

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:  11/23/21
      White Plains, New York

_____
                    CATHY SEIBEL

                    United States District Judge

10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

## AMENDED
## COMPLAINT

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a *"Bivens"* action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name              Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                    State                Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                 Zip Code

Defendant 2:

First Name                Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                 Zip Code

Defendant 3:

First Name                Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                 Zip Code

Defendant 4:

First Name                Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                 Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were
harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach
additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____
_____

Page 5

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                         Plaintiff's Signature

_____          _____          _____
First Name                  Middle Initial           Last Name

_____
Prison Address

_____          _____          _____
County, City                                State                      Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:   _____

Page 6