UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARRY MICHEL,<br><br>        Plaintiff,<br><br>      -against-<br><br>ORANGE COUNTY, N.Y.; CORRECTIONS DIVISION AT ORANGE COUNTY JAIL; CARL DUBOIS, ORANGE COUNTY SHERIFF; C. WETZEL, GRIEVANCE OFFICER; P. BRAHM, GRIEVANCE COORDINATOR; KENNETH T. JONES, UNDERSHERIFF; ANTHONY J. WEED, ASSISTANT UNDERSHERIFF; DENNIS BARRY, CHIEF DEPUTY; ANTHONY MELE, CORRECTIONS ADMINISTRATOR; SGT. COLBY; WELLPATH MEDICAL SERVICES; JOHN DOE; JANE DOE,<br><br>        Defendants. | 21-CV-9406 (CS)<br><br>ORDER OF DISMISSAL |

CATHY SEIBEL, United States District Judge:

  Plaintiff, who is incarcerated at Auburn Correctional Facility, is proceeding *pro se* and *in forma pauperis* (IFP). Plaintiff filed this complaint for money damages under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights during his detention in the Orange County Jail (OCJ). By order dated November 24, 2021, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. (ECF No. 6.) That Order is incorporated herein. Plaintiff filed an amended complaint on December 21, 2021, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

  The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

In his original complaint, Plaintiff asserted the following facts. During Plaintiff's 32-month detention in the OCJ, he was "constantly" exposed to secondhand smoke from other detainees who smoked a synthetic drug called K2. Corrections officials failed to stop the other detainees from smoking K2 or protect Plaintiff from the secondhand smoke. (ECF 2 ¶ IVD.) Plaintiff experienced burning in his lungs, headaches, tremors, and other serious physical reactions, but the OCJ medical staff did "not help" him. (*Id.* ¶¶ IVD, V.) Plaintiff submitted "many sick call slips" but is still suffering from those symptoms. (*Id.* ¶ VIIE.) According to Plaintiff, corrections officials denied his grievances and "turned a blind eye" to the problem. (*Id.* ¶ VIID.)

Attachments to the complaint show that Wellpath providers saw Plaintiff three times in connection with his symptoms. (*Id.* at 22, 25-26.)[1] In a grievance denial, Defendant Wetzel responded that: (1) Plaintiff had not been at the facility for 32 months; (2) on the four occasions detainees were found with K2 they were disciplined; (3) the use of K2 had drastically decreased because the facility began photocopying all detainee mail, which prevented K2 from entering the facility through the mail; and (4) Plaintiff had had three medical visits for his symptoms. The

---

[1] Numbered citations reference the Court's Electronic Case Filing (ECF) system pagination.

denial was written on Orange County Sheriff's Department letterhead bearing the names of Defendants Barry, Dubois, Mele, Jones, and Weed. (*Id.* at 22.) In another grievance directed to Sgt. Colby, Plaintiff alleged that Sgt. Simarilli would not provide him with a grievance form. (*Id.* at 16.) Named as defendants in the original complaint are: (1) Orange County; (2) the Orange County Jail; (3) Sgt. Colby; (4) Wellpath Medical Services (Wellpath); (5) Sgt. Simarilli; (6) OCJ Grievance Coordinator C. Wetzel; (7) Orange County Sheriff Carl Dubois; (8) OCJ Chief Deputy Dennis Barry; (9) OCJ Corrections Administrator Anthony Mele; (10) Undersheriff Kenneth T. Jones; (11) Assistant Undersheriff Anthony J. Weed; and (12) unidentified "John and Jane Doe" defendants. (*Id.* at 2-3.)

In its November 24, 2021 order, the Court directed Plaintiff to file an amended complaint because the facts in his original pleading did not suggest that Defendants had been deliberately indifferent to Plaintiff's health or safety or to his serious medical needs. The Court based that determination on the following: (1) attachments to the complaint showed that jail officials acted to curtail K2 use and that Plaintiff received medical attention for his symptoms; (2) Plaintiff named individual defendants solely because they were supervisors or because their names appeared on letterhead; (3) Plaintiff named nonsupervisory defendants without explaining their personal involvement in violating Plaintiff's constitutional rights; (4) there is no constitutional right to a grievance procedure; (5) there were no facts in support of a municipal liability claim; and (6) the OCJ was not a proper defendant under § 1983. (ECF 6.)

In the amended complaint, Plaintiff substituted the OCJ "Corrections Division" for the OCJ, and added Grievance Coordinator P. Brahm, Dr. George and Doe medical staff and mail room officers; otherwise, the list of defendants remains unchanged. (ECF 10.) Plaintiff reiterates the claims set forth in the original complaint, and adds the following new assertions.

Plaintiff was exposed not just to K2 smoke, but also to tobacco smoke; Defendants "fail[ed] to enact and adhere to an effective policy and procedure to prevent tobacco and drugs from entering" OCJ, and therefore Plaintiff was "expos[ed] to high levels of tobacco and drug smoke that defendants knew or reasonably should have known could and did cause Plaintiff to suffer serious health problems"; OCJ is overcrowded and poorly ventilated, and Defendants failed to take "simple actions" such as moving him to an area with better ventilation; the mailroom officers failed to properly "inspect[], screen[] and search[]" incoming mail for tobacco, K2, and other contraband; the "supervisor defendants" and the county are "responsible" for "civil rights violations of Plaintiff," and the individuals whose names appear on letterhead are supervisors who "oversee [the] administration" of OCJ and failed to take corrective action; the OCJ, "via its Grievance Officer, admitted that its policy for detecting and preventing and eliminating drugs and drug smoke from its facility was essentially insufficient, ineffective, and underenforced" so they should have known that their actions or omissions were unlawful. (*Id.* ¶ V and 12-17.)

With respect to Wellpath, Dr. George, and other Doe medical staff, Plaintiff alleged that the medical treatment he received "fell below the appropriate medical standard for the care and treatment of inmates" because he was not provided with "prompt or adequate treatment" or with "any documentation concerning the symptoms, long term effects and appropriate treatment for long-term exposure" to K2 smoke. (*Id.* at 14-15.) The amended complaint has the same attachments as the original complaint, which include Plaintiff's grievance, the denial of the grievance, and two health request forms showing that Plaintiff was given Tylenol for headaches and "shakes" he experienced allegedly as a result of exposure to K2 smoke, and that he was seen

4

in response to his request for mental health treatment arising from anxiety related to K2 exposure. (*Id.* at 20-31.)

While he alleges that these conditions existed for 32 months while he was incarcerated at OCJ, he also list specific dates of injury, all of which are between May and August 2021. (AC at 9.) His two grievances are dated August 27, 2021 and September 8, 2021. (AC at 21-25.) The sick call slips are dated August 2, 2021 and August 16, 2021. (AC at 30-31.)

## DISCUSSION

Plaintiff's amended complaint must be dismissed because it fails to remedy the deficiencies identified in the Court's November 24, 2021 order directing him to amend his original pleading. The Court bases this assessment on the following: (1) Plaintiff names individuals because their names appear on letterhead or because they are supervisors, but he does not allege their personal involvement in violating his constitutional rights; (2) the facts asserted do not support a municipal liability claim; (3) Plaintiff fails to provide facts suggesting that the medical treatment he received was inadequate, or that Dr. George or other Wellpath practitioners were deliberately indifferent to his serious medical needs; (4) the OCJ "Corrections Division" is not a suable entity under § 1983 for the same reasons that the OCJ is not a suable entity; and (5) the additional facts in the amended complaint do not give rise to an inference that jail officials failed to take action to stop the flow of K2 and other contraband in to the facility. The Court therefore dismisses the amended complaint for Plaintiff's failure to remedy the deficiencies identified in the Court's November 24, 2021 order of dismissal.

Plaintiff alleges DuBois, Jones, Weed and Barry are liable simply because they supervise the Sheriff's Office, which runs the Jail, but he provides no facts about what they knew, when they knew it or what they did or did not do about it. Similarly, Plaintiff alleges that Wetzel, Brahm, Mele, Colby and Simarelli are liable for failing to enforce or strengthen prison policy

regarding prohibited substances, but he provides no facts about what those policies were, what each individual's responsibilities were in connection with those policies, what each individual knew about the need to strengthen those policies, or what more each individual could have done in that regard. As for Wellpath and Dr. George, the only facts provided suggest at most a disagreement over treatment. Even if the allegations could fairly be construed as claiming medical malpractice, that does not amount to deliberate indifference. *See Charles v. Orange Cty.*, 925 F.3d 73, 87 (2d Cir. 2019) ("Mere medical malpractice is not tantamount to deliberate indifference [unless] it involves culpable recklessness, i.e., an act or a failure to act that evinces a conscious disregard of a substantial risk of serious harm.") (cleaned up). The allegation that the mail screener failed to detect K2 may suggest negligence, but that, too, is insufficient to constitute deliberate indifference. *Id.* ("A plaintiff must show something more than mere negligence to establish deliberate indifference in the Fourteenth Amendment context.") Finally, Plaintiff provides no facts from which the Court could plausibly infer that any shortcomings in OCJ's efforts to curtail K2 use were the result of a County policy. *See Solomon v. Nassau Cty.*, 759 F. Supp. 2d 251, 263 (E.D.N.Y. 2011) ("A Section 1983 plaintiff must show that a violation of his rights by an employee or agent of a municipality was the result of a policy or custom of the municipality. Conclusory allegations of municipal custom or policy are insufficient to satisfy this requirement.") (cleaned up).

In short, while it appears that there was a problem at OCJ with inmates accessing K2 during 2021, it further appears that Jail officials took reasonable steps to address the problem, and in any event Plaintiff has again failed to provide sufficient facts to plausibly suggest that any of the parties he has sued were deliberately indifferent to the health hazards posed by prohibited substances in the Jail. Failing to curtail a problem is not the same as being deliberately

indifferent to it.  *See Bush v. Horn*, No. 07-CV-3231, 2010 WL 1712024, at *7 (S.D.N.Y. Mar. 2, 2010) ("Apart from conclusory boilerplate, [Plaintiff's] amended complaint is wholly devoid of any factual averments which plausibly suggest that the shortcomings [relating to the challenged conduct] were the result of a municipal policy or custom.").

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its shortcomings, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies.  *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *see also See Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257-58 (2d Cir. 2018) ("When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first. Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories *seriatim*.") (alteration, footnotes, and internal quotation marks omitted).  Plaintiff was advised that he needed to describe "what each individual defendant did or failed to do" and "the relevant facts supporting each claim against each defendant," (ECF No. 6 at 9), but he has failed to do so.  Accordingly, because it does not appear that Plaintiff can rectify the issues by amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Clerk shall close the case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  January 11, 2022
        White Plains, New York

                                            _____
                                                       CATHY SEIBEL
                                               United States District Judge